IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANN FELDMAN VERTKIN, M.D. § <br> and § <br> MARIA SOCORRO RUIZ GUEVARA § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> WELLS FARGO NA, BANK OF AMERICA, § <br> FIRST AMERICAN CORPORATION, § <br> BENLAR INVESTMENTS d/b/a FRANK § <br> ALLEN REALTORS, GAIL KOREN, § <br> CANDICE TAI, GENNADY VERTKIN, § <br> SONJA VERTKIN, MICHAEL VERTKIN § <br> R.G. LONG, and 1-100 § <br>     Defendants § | CIVIL ACTION NO. H-10-1433 |

**DEFENDANT WELLS FARGO AND DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE AND/OR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), or, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW WELLS FARGO NA AND BANK OF AMERICA CORPORATION, Defendants in the above-styled and numbered cause, and files this Defendants' Wells Fargo NA and Bank of America Corporation's Motion to Dismiss for Improper Venue and/or Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion to Transfer Venue, in response to Plaintiff's Complaint and Jury Demand for Monetary Damages, Statutory Relief, Declaratory and Injunctive Relief and in response to the allegations raised by Plaintiffs, would respectfully show unto the Court the following:

**Defendant Wells Fargo and Bank of America Corporation's
Motion to Dismiss for Improper Venue and/or Lack of Subject Matter Jurisdiction or,
In the Alternative, Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6),
or, in the Alternative, Motion to Transfer Venue**

**A. Improper Venue and/or Lack of Subject Matter Jurisdiction**

1. Pursuant to the provisions of Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendants Wells Fargo and Bank of America Corporation move to dismiss Plaintiffs' Complaint for improper venue.

2. On April 28, 2010, Plaintiffs sued several defendants, including Defendant Wells Fargo and Defendant Bank of America Corporation, for multiple causes of action, in the U.S. District Court, Southern District of Texas, Houston Division.

3. Venue is improper. Therefore, this Court should dismiss this suit, or in the alternative, transfer the suit to the U.S. District Court, Northern District of California.

4. If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection, or, in the interest of justice, may transfer the case to a district where the action could have been brought. 28 U.S.C. §1406(a).

5. The Court should dismiss this case because Plaintiffs' claim does not have a substantial connection to the Southern District of Texas, Houston Division, and therefore this court lacks subject matter jurisdiction to issue the requested relief since all of Plaintiffs' claims in one way or another implicate or involve title to real property located in the State of California. See 28 U.S.C. §1391 (a)(2); *Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).

6. The Plaintiffs admit, in paragraph 16 of Plaintiffs' Complaint, that "concurrent jurisdiction is proper in "Northern California District Court", i.e. United States District Court for

2

the Northern District of California. As alleged by the Plaintiffs, the entire suit involves property in Marin County, California.

7. "It is a rule of federal constitutional magnitude that, "A court of one state cannot directly or indirectly determine title to land in another." *St. Sava Mission Corporation v. Serbian Orthodox Diocese for the U.S. and Canada*, (1990) 223 Cal.App.3d 1354, 1365 citing *Rozan v. Rozan*, (1959) 49 Cal.2d 322, 330 and *Fall v. Eastin*, (1909) 215 U.S. 1, 11. "No principle is better established than that of the disposition of real estate, whether by deed, descent, or by any other mode, must be governed by the law where the land is situated." *Fall v. Eastin, supra* at 9.

8. All of Plaintiffs' claims in the Complaint relate directly to a single property which was purchased with the loans from Wells Fargo NA, and as serviced by Bank of America Corporation, *i.e.* the "Subject Property" located at 160 Rose Avenue, Mill Valley, California 94941. At the heart of this lawsuit are the requested remedies that the foreclosure be deemed "null and void," a preliminary injunction be issued enjoining Defendants from continuing with acts in furtherance of the foreclosure of the Subject Property, and an order "quieting title" to the Subject Property.

9. There is no federal quiet title statute or forfeiture statute which confers subject matter jurisdiction on this Court. To the contrary, important issues of California foreclosure law and procedures are invoked by the various remedies sought by Plaintiffs with regard to the subject property in California. Only a California state court of unlimited jurisdiction or a United States District Court sitting in the State of California would have jurisdiction over this subject matter.

10. In addition, there are at least five other pending cases filed by Plaintiff Anna Vertkin, M.D. A search of United States Bankruptcy Court, Northern District of California's PACER system reveals Plaintiff's original bankruptcy case, Cause No. 08-12189, and possibly a second related bankruptcy case, Cause No. 09-01161, both of which appear to be pending in the U.S. Bankruptcy Court, Northern District of California. There also appears to be at least four related

civil cases involving Plaintiff Vertkin and the same allegations against Defendants Wells Fargo and/or Bank of America Corporation regarding the foreclosure of the Subject Property in California. See Cause No. 3:10-cv-01359; Cause No. 3:10-cv-00775; Cause No. 09-cv-00393, and Cause No. 09-cv-00701.

### B. Motion to Dismiss Pursuant to FRCP 12(b)(6)

#### Applicable Law and Pertinent Facts

11. For purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir. 2001). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

12. Facts subject to judicial notice may be considered for the purposes of a Rule 12(b)(6) motion. *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir. 1987). What follows are the facts that Defendant Wells Fargo and Defendant Bank of America Corporation could discern from the pleadings filed in the Southern District of Texas, as well as the pleadings filed in federal civil and bankruptcy court in the Northern District of California:

13. Plaintiff Ann Vertkin and her ex-husband, Michael Vertkin, owned property at 160 Rose Avenue, Mill Valley, California (the "Property"). The couple is now divorced. Plaintiff Anna Vertkin and Michael Vertkin were co-borrowers for the purchase of the Property. In 2005, the couple took out a loan for $950,000. The loan was secured by a Deed of Trust on the Property. The lender was American Brokers Conduit, the trustee First American Title, and the beneficiary Mortgage Electronic Registration Systems, or MERS. By October 1, 2009, the couple was in

4

default, the default was not cured, and a Notice of Trustee's Sale was recorded on January 5, 2010.

14. Plaintiff Anna Vertkin also has an ongoing Chapter 7 bankruptcy proceeding, entered in 2008, which has been "contentious." There are at least two adversary proceedings, and Plaintiff Vertkin has sued the Bankruptcy Judge, the Bankruptcy Trustee, and a host of other defendants, including Wells Fargo, in her adversary bankruptcy proceedings.

### Plaintiff Vertkin Does Not Have Standing to Pursue Her Claims Because of the Ongoing Bankruptcy Proceeding

15. Because Plaintiff Anna Vertkin has an ongoing pending Chapter 7 bankruptcy proceeding, she does not have standing to bring this lawsuit in the Southern District of Texas.

16. Plaintiff Vertkin does not have standing because the bankruptcy trustee owns and controls the assets of the debtor – including civil claims. All of the debtor's assets are property of the estate. "When a debtor files for bankruptcy protection an estate is created which is comprised of all the debtor's property interests at the time of filing." *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002). A bankruptcy estate "includes post-petition property interests," which includes civil claims which accrued while the bankruptcy is pending. *Id.*

17. Absent abandonment of an asset, the trustee remains the sole representative of the estate and the only person with the authority to pursue causes of action. *Harris v. St. Louis University*, 114 B.R. 647, 648 (M.D.Mo. 1990).

18. Plaintiff's bankruptcy proceeding is ongoing. Upon information and belief, Plaintiff failed to schedule these civil claims. The chapter 7 Trustee controls Plaintiff's claims.

19. Because Plaintiff does not have standing to bring this suit, this entire action should be dismissed. However, even if Plaintiff Vertkin had standing, she is estopped from making claims which she omitted from her bankruptcy schedules.

20. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure

statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). In *Hamilton,* the court judicially estopped a plaintiff from pursuing post-discharge claims because: (1) the debtor clearly asserted inconsistent positions as he failed to list his claims against State Farm as assets on his bankruptcy schedules, and later sued State Farm on the same claims; (2) the bankruptcy court accepted the debtor's prior assertions in that the bankruptcy court granted the debtor a discharge; and (3) Hamilton obtained an unfair advantage by obtaining all the benefits of his Chapter 7 bankruptcy without complying with his affirmative duty to disclose all assets. *Id.* at 784-785.

21.    The facts in this case, as well as those pending in the District of California, support judicial estoppel. Plaintiff Vertkin filed her Chapter 7 bankruptcy case in October 2008. Her Schedules, which list all personal assets, including civil claims, did not mention claims against Wells Fargo, nor has she amended her bankruptcy Schedules to so state. Therefore, she is estopped from bringing these claims here.

22.    Even if Plaintiff Vertkin had standing (which she does not) and even if she were not estopped from bringing these claims (which she is), this Court should still dismiss all of Plaintiffs' claims because they have no merit.

### Plaintiffs Have Not Stated a Claim for RICO Violations (First Cause of Action)

23.    To state a RICO claim Plaintiffs must allege "both the existence of an 'enterprise' and a connect 'pattern of racketeering activity'." *Compagnie de Reassurance D'Ile France v. New England Reinsurance Corp.*, 825 F. Supp. 370 (D. Mass. 1973).

24.    Plaintiffs' first cause of action vaguely alleges only that "the defendant persons acted in conspiracy to deprive Plaintiffs of said property and to commit fraud for personal gain."

25.    To state and then prevail on a RICO claim, there must be an "enterprise" and that enterprise must be distinct from the person named as the RICO defendants as well as distinct from the alleged pattern of racketeering activity. *Atlas Pile Driving Co. v. DiCon Fin. Co.* 886

F.2d 986, 995 (8th Cir. 1989); *United States v. Turkette*, 452 U.S. 576, 583 (1981)(enterprise not established merely by proof of a series of racketeering acts, but must exhibit three characteristics: (1) common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering).

26. Plaintiffs have not alleged sufficiently the existence of a distinct "enterprise," nor have Plaintiffs alleged any of the state or federal crimes that are the "predicate acts" within the definition of "racketeering activity" under RICO. 18 U.S.C. §1961(1).

27. Because Plaintiffs have not properly alleged a RICO violation, Plaintiffs' Eighth Cause of Action for Retaliation for RICO reporting must also fail.

**Plaintiffs Have Not Stated a Claim for Violation of Due Process (Second Cause of Action)**

28. Plaintiffs' second cause of action only alleges "violation of the Due Process Claim under Fifth Amendment of United States Constitution."

29. In recent decisions, the Supreme Court has made clear that complaints must do more than make conclusory legal statements with no factual foundation. *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544, 570 (2007). Plaintiffs have failed to support this claim and it should be dismissed.

**Plaintiffs Have Not Stated a Claim for Fraud (Third Cause of Action)**

30. Plaintiffs' third cause of action alleges "fraud, including forgery, construction fraud, and conspiracy to defraud." This fraud claim is neither adequately, specifically, nor properly pleaded.

31. The elements of fraud and deceit are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. Under FRCP 9(b), a higher pleading standard is imposed for claims of fraud, which must be specifically alleged.

32. The Plaintiffs' Complaint indiscriminately addresses all of the "Defendants" collectively, assailing them all with vague and unspecified claims of misrepresentation, fraud, forgery and concealment. Vague and conclusory allegations of fraud, such as those found in Plaintiffs'

Complaint, fail to meet the Rule 9 requirement of "particularity". *Moore v. Keyport Package Express Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Therefore, Plaintiffs' claims for fraud, forgery, construction fraud, and conspiracy to defraud should be dismissed.

### Plaintiffs' Fourth, Fifth, Sixth and Seventh Claims Do Not Allege Facts

33. Plaintiffs' Fourth Cause of Action alleges Unfair Business Practices, in that "Defendants with malice, oppression, and aforethought caused delays in returning the property to Plaintiffs" and that "Wells Fargo and Bank of America, in particular, have no intention to follow the laws since bailout."

34. Plaintiffs' Fifth Cause of Action generally alleges "torturous" [sic] interference with contract, "torturous" [sic] inducement of breach of contract, and unlawful detainer of the property.

35. Plaintiffs' Sixth Cause of Action alleges the intentional torts of waste, trespass, conversion, intentional infliction of severe emotional distress, and restraint of trade.

36. Plaintiffs' Seventh Cause of Action alleges illegal foreclosure and illegal foreclosure auction, intentional and general negligence, and breach of fiduciary duty. As a matter of law, there is no fiduciary duty owed by a lender to its borrower. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)(in California, a lender does not have a fiduciary duty to a borrower in a standard loan transaction). Plaintiffs have therefore failed to allege facts to support the existence of a fiduciary duty on the part of either Bank of America Corporation as the lender or Wells Fargo, as the servicer of the loan that could have been breached.

37. Because the allegations in Plaintiffs' Fourth, Fifth, Sixth and Seventh Causes of Action are "conclusory allegations of law" which are insufficient to defeat a motion to dismiss, this court should dismiss Plaintiffs' Fourth, Fifth, Sixth and Seventh Causes of Action.

### C. Motion to Transfer in the Interest of Justice

38. Should this court not dismiss this case for the reasons already cited herein, this court may transfer this case to the U.S. District Court for the Northern District of California, if (1) Defendants Wells Fargo and Bank of America Corporation are subject to jurisdiction of the proposed forum; (2) venue is proper in the proposed forum; and (3) the transfer is in the interest of justice. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962).

39. Because Plaintiff Vertkin has a Chapter 7 bankruptcy pending in the Northern District of California, as well as at least two other federal lawsuits alleging many of the same allegations against many of the same defendants, (including Defendants Wells Fargo and Bank of America Corporation), if this court does not dismiss Plaintiffs' Complaint, this court should transfer this case to the Northern District of California in the interest of justice.

40. Venue is proper in the Northern District of California, specifically because the Property that is the basis for Plaintiffs' Complaint is located in the Northern District of California. 28 U.S.C. §1391(a)(2). Both Defendant Wells Fargo and Defendant Bank of America Corporation are subject to jurisdiction in the Northern District of California

41. Plaintiffs filed suit in an improper district. This court should dismiss Plaintiffs' Complaint, or, in the alternative, transfer it to the Northern District of California.

### CONCLUSION

42. This court lacks subject matter jurisdiction to grant the primary remedies sought by Plaintiffs in this action, which would affect title to real property located in California. Therefore venue is proper in California. Plaintiff Vertkin does not have standing to sue in the Southern District of Texas as her Chapter 7 Bankruptcy proceeding is currently pending in the Northern District of California. In addition, Plaintiffs have otherwise failed to state any claim upon which relief may be granted against Defendants Wells Fargo and Bank of America Corporation.

## PRAYER

43. Defendants Wells Fargo and Bank of America Corporation respectfully request, for the reasons as stated above, that this court dismiss Plaintiffs' Complaint, or, as a last alternative, in the event that this court does not dismiss Plaintiffs' complaint, Wells Fargo and Bank of America Corporation requests this court transfer this case to the Northern District of California.

Respectfully submitted,

/s/ George A. Kurisky, Jr.
GEORGE A. KURISKY, JR.
Texas Bar No. 11767700
Federal Bar No. 12892

ATTORNEYS FOR DEFENDANTS,
WELLS FARGO and
BANK OF AMERICA CORPORATION

SHERRI R. KATZ
Texas Bar No. 24053896
Federal Bar No. 1071151
JOHNSON DeLUCA KENNEDY & KURISKY
1221 Lamar, Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of May, 2010, a true and correct copy of the foregoing document has been served upon all counsel of record using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record.

                                                        /s/   George A. Kurisky, Jr.
                                        GEORGE A. KURISKY, JR.